ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 FEB -3  AM 8: 50

CLERK _L. Fletcher_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

DEBRA L. WILLIAMS,                )
                                  )
            Petitioner,           )
                                  )
      v.                          )     CV 304-115
                                  )     (Formerly CR 303-013)
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner has filed with this Court a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the United States of America ("the Government").

## I. BACKGROUND

On July 21, 2003, Petitioner pled guilty to an information charging her with one count of bank fraud, in violation of 18 U.S.C. § 1344. Williams v. United States, CR 303-013, doc. nos. 5-6. On October 21, 2003, the Court convicted Petitioner and sentenced her to 24 months of imprisonment, five years supervised release, a $100 special assessment, and restitution in the amount of $88,898.45. CR 303-013, doc. no. 10. Petitioner did not appeal, and instead timely filed the instant § 2255 motion.

Petitioner contends: 1) her sentence is unconstitutional under Blakely v. Washington,

542 U.S. 296, 124 S. Ct. 2531 (2004); 2) the Court committed various errors in calculating her sentence under the Federal Sentencing Guidelines ("the Guidelines"); and 3) her plea counsel was ineffective for not raising the Guidelines errors at sentencing or in a direct appeal. (See doc. no. 1). She does not allege that she asked counsel to file an appeal.[1]  In response, the Government argues: 1) Petitioner's claims are procedurally defaulted because she failed to raise them at sentencing or on appeal; 2) Petitioner's alleged errors under the Guidelines are not a cognizable basis for relief under § 2255; and 3) Blakely does not apply retroactively to cases on collateral review such as the instant case. (See doc. no. 3).   The Court resolves the matter as follows.

## II.  DISCUSSION

### A.     Petitioner's Blakely Challenge

As the Government correctly notes, neither Blakely nor Booker v. United States, 543 U.S. 220, 125 S. Ct. 738 (2005)--a more recent case in which the Supreme Court held that the Guidelines are unconstitutional as applied mandatorily under 18 U.S.C. § 3553--are retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). The Court entered judgment in Petitioner's case on  October 21, 2003;

---

[1]Petitioner does state, in confusing and conclusory fashion, that counsel failed to "advise Petitioner of Apelant [sic] Rights." (Doc. no. 1, p. 5; see also doc. no. 4, p. 2). The Court is of course aware that "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Gray v. United States, 834 F.2d 967, 967 (11th Cir. 1987) (per curiam)(quoting Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983)). Nevertheless, Petitioner does not allege that counsel failed to file an appeal despite a request that he do so.  Rather, Petitioner alleges counsel was ineffective for failing to object to the PSI or to otherwise raise her supposed sentencing errors before the district court or in an appeal. (See doc. no. 4, pp. 2-3).

2

thus her conviction became final in November 2003, after the time for filing a notice of appeal had elapsed. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (recognizing that conviction becomes final after time for notice of appeal has elapsed). The Supreme Court issued both Blakely (June 24, 2004) and Booker (January 12, 2005) well after Petitioner's conviction became final. Thus, the rule of neither case was available at the time of Petitioner's conviction, and, because neither rule is available retroactively, Petitioner cannot obtain § 2255 relief under either rule.

**B.    Guidelines Errors**

Before assessing Petitioner's supposed errors under the Guidelines, it may be helpful to explain the facts of the case in greater detail. In Petitioner's plea agreement, she admitted she had embezzled "approximately $249,000.00" from Farmers and Merchants Bank. CR 303-013, doc. no. 5, pp. 2-3. At the Rule 11 hearing, Special Agent Vincent Dreaden of the Federal Bureau of Investigation testified that the bank had lost $283,967.04, including $249,098.04 in actual loss, $30,349.07 for an external audit, and another $4,520.00 for an internal audit. CR 303-013, doc. no. 12, pp. 16, 18 (hereinafter "Rule 11 Tr."). Petitioner did not dispute the assertion. Id. at 18

The probation officer prepared a presentence report ("PSI"). The probation officer recommended that Petitioner be given a base offense level of 6. PSI ¶ 17. That level was increased by 12, based on the probation officer's determination that Petitioner had stolen $232,298.98.[2] PSI ¶ 18. The probation officer also recommended a two level enhancement

_____

[2]As noted in the PSI, Petitioner's base offense level was determined solely on the amount stolen from the bank, the aforementioned $238,298.98; it did not include additional costs to the bank, such as attorney's fees and costs to the bank's insurance company, which

pursuant to U.S.S.G . §3B1.3 for abuse of a position of trust, based upon Petitioner's position as Vice President of the bank.   PSI ¶ 20.   Nevertheless, the probation officer also recommended a three level reduction for acceptance of responsibility.   See U.S.S.G §§3E1.1(a),(b); PSI ¶ 23.

The resulting total offense level was 17, with a criminal history category of 1, resulting in a recommended Guidelines range of 24-30 months. PSI ¶¶ 26, 29, 42.  The PSI also provided that Petitioner owed $88,898.45 in restitution, having already forfeited $184,269.60 from a personal account at the bank as partial payment toward restitution.  PSI ¶ 11.  At sentencing, Petitioner did not object to the PSI, and the Court sentenced Petitioner to the aforementioned 24 months of imprisonment, five years supervised release, a $100 special assessment, and restitution in the amount of $88,898.45.

Petitioner alleges that the Court erred by sentencing her on the basis of the $238,298.98, without taking into account the $184,269.60 she repaid the bank prior to sentencing--in short, Petitioner argues that she should only have been sentenced based upon the $88,898.45 of restitution the Court ordered at sentencing.   (See doc. no. 1, p. 10). Petitioner also alleges that her sentence enhancement for abusing a position of trust was error.  (Id. at 11).  Finally, Petitioner urges that her counsel was ineffective for not arguing as much during sentencing or in an appeal.  (Id. at 12).

The Government has correctly noted that Petitioner's claims face two substantial hurdles: 1) she failed to raise these allegations of error at trial or on appeal, rendering the claims procedurally barred absent a showing of cause and prejudice (see doc. no. 3, p. 4

were factored into the amount of restitution ordered by the Court. PSI ¶ 12.

(citing <u>United States v. Frady</u>, 456 U.S. 152, 167 (1982); <u>Mills v. United States</u>, 26 F.3d

1052, 1055-56 (11th Cir. 1994); & <u>Greene v. United States</u>, 880 F.2d 1299, 1305 (11th Cir.

1989)); and 2) Guidelines errors are not cognizable on collateral attack (<u>see</u> doc. no.3, pp.

6-7 (citing <u>Martin v. United States</u>, 81 F.3d 1083, 1084 (11th Cir. 1996); <u>Montemoino v.</u>

<u>United States</u>, 68 F.3d 416 (11th Cir. 1995); & <u>United States v. Peloso</u>, 824 F.2d 914, 915

(11th Cir. 1987)). Of course, a procedural default can be overcome by a showing of

ineffective assistance of counsel. <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 509 (2003).

Regardless, even assuming *arguendo* that Petitioner's claims are not procedurally barred,

they are patently meritless.

First, the enhancement for abuse of a position of trust was proper.  In her plea

agreement, Petitioner admitted using her position as a Vice President of the Farmers and

Merchants Bank to steal roughly $249,000.00 from the bank over a four year period.  CR

303-013, doc. no. 5, pp. 2-3.  More specifically, Petitioner has admitted abusing using her

position as Vice President by:

 1.   keeping in her possession and under her control cash brought in by
       customers of the bank for deposit;

 2.   increasing balances when maturity of certificate of deposit notices
       were verified so that the funds could be withdrawn as part of the
       closing transaction and received as cash or negotiable instruments, or
       posted to other accounts, where cash transactions were involved or
       other shortages were created by the taking of funds;

 3.   with regard to certificate of deposit accounts said [Petitioner] posted
       to other accounts involving cash transactions which shortage of funds
       had been created by the defendant's unlawful expropriation of funds;
       and

 4.   in situations where a customer requested a withdrawal, said defendant

either made a larger withdrawal issuing the added funds to place in other accounts or used said funds to obtain cash or cashiers checks; and

5.   increas[ing] balances on accounts and transferr[ing] the funds to personal accounts, such as Certificates of Deposit, checking and savings accounts for the benefit of the defendant and other immediate family members.

CR 303-013, doc. no. 5, pp. 2-3. Petitioner also admitted concealing her crimes by falsifying

the bank's records. See id. at 3.

The Eleventh Circuit has explained the application of U.S.S.G. § 3B1.3 at length:

The Sentencing Guidelines provide a defendant's sentencing level shall be increased two levels "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. We have held the abuse-of-trust enhancement only applies if the government has established the following two elements: "(1) that the defendant held a place of public or private trust; and (2) that the defendant abused that position in a way that significantly facilitated the commission or concealment of the offense." Furthermore, the commentary to § 3B1.3 explains that a position of trust is "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)," and a person in such a position ordinarily is "subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." U.S.S.G. § 3B1.3, cmt.n.1. A position of trust significantly facilitates the commission or concealment of an offense when "the person in the position of trust has an advantage in committing the crime because of that trust and uses that advantage in order to commit the crime."

United States v. Britt, 388 F.3d 1369, 1371 (11th Cir. 2004)(internal citations omitted),

*vacated by,* Britt v. United States, __ U.S. __, 126 S. Ct. 411 (2005), *reinstated by,* United

States v. Britt, No. 04-10151, __ F.3d __, 2006 WL 176977 (11th Cir. Jan. 26, 2006). In the

"paradigmatic" abuse-of-trust case, "the defendant steals from his employer, using his

position in the company to facilitate the offense." United States v. Linville, 228 F.3d 1330,

6

1331 (11th Cir. 2000)(internal citation and quotation omitted).

Given the admitted facts of the case, it is clear that Petitioner had a fiduciary or trust-like position at the bank, and that she used that position not only to facilitate the initial commission of her crimes, but also to avoid detection. It is apodictic that when a bank executive uses her position to embezzle funds from the bank, she is subject to an abuse-of-trust enhancement. Indeed, the commentary to U.S.S.G. § 3B1.3 provides that when a bank executive--as opposed to a mere bank teller--embezzles money from her employer, such action is properly considered an abuse of trust. See U.S.S.G. § 3B1.3 cmt. 1. Simply put, the enhancement was not error.

Petitioner's notion that the Court was required to sentence her based upon the $88,898.45 restitution amount rather than the $238,298.98 she admittedly stole from the bank is likewise meritless. Petitioner's return of a portion of the embezzled funds prior to sentencing did not obligate the Court to sentence her based upon the unreturned amount. An attempt to return embezzled funds or to pay restitution "does not negate a showing that the defendant acted with the requisite criminal intent to embezzle the funds in the first instance." United States v. Busacca, 936 F.2d 232, 240 (6th Cir. 1991). To the put the matter another way,

> The intent to permanently deprive the owner of his property is not an element of the crime of embezzlement. Rather, cases indicate that the "felonious" intent with which embezzlement is committed consists of the intent to appropriate or convert the property of the owner; the simultaneous intent to return the property or to make restitution does not make the offense any less embezzlement.

U.S. v. Waronek, 582 F.2d 1158, 1161 n.4 (7th Cir. 1978); see also U.S. v. Burton, 871 F.2d

1566, 1574 n.3 (11th Cir. 1989). Petitioner's bank fraud offense was completed when she took the funds, and the fact that she later returned some of the money is immaterial. See, e.g., United States v. Gregg, 179 F.3d 1312, 1315-16 (11th Cir. 1999). In sum, Petitioner was properly sentenced based upon the amount of funds that she admittedly embezzled.

## C.    Untimely Amendment

Finally, the Court is aware that, in her reply to the Government's response to her § 2255 motion (executed February 28, 2005), Petitioner now belatedly contends that her plea was entered involuntarily because she was under the influence of anti-depressant medications and was suicidal at the time of the guilty plea hearing. (See doc. no. 4, pp. 3, 11). First of all, this new claim is clearly time-barred. See 28 U.S.C. § 2255 ¶6 (§ 2255 motions subject to one-year period of limitation). Even construing her response to the Government as an amendment to her § 2255 motion, Petitioner did not bring this new claim until February 2005, more than a year after her conviction became final in November 2003. The one-year statute of limitations applicable to § 2255 motions begins to run on "the date on which the judgment of conviction becomes final."[3] See id.

Of course, an untimely amended pleading may "relate back" to the original pleading in some circumstances. Under Federal Rule of Civil Procedure 15(c), an amended claim relates back to the date of the original pleading if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P.

---

[3]It is true that, in certain circumstances, the statutory period begins to run on a date other than the date upon which the conviction became final; however, Petitioner has outlined no basis upon which to suppose that any of these circumstances apply in his case. See 28 U.S.C. § 2255.

8

15(c)(2).[4] Rule 15(c) is narrow; it does not contemplate the addition of "an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003)(per curiam)(citing Pruit v. United States, 274 F.3d 1315, 1318 (11th Cir. 2001)). Thus, "to relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding." Farris, 333 F.3d at 1215 (citing Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000)). As the Eleventh Circuit has explained:

> The key consideration is that the amended claim arises from the same conduct and occurrences upon which the original claim was based. This may be the case even if one or both claims do not explicitly state supporting facts. When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it. One purpose of an amended claim is to fill in facts missing from the original claim.

Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002)(per curiam).

In other words, at issue is whether the amended claim is merely an attempt to "flesh out" an original claim, or if the amended claim relies upon different facts. Here, Petitioner attempts to bring an entirely new claim. Nowhere does her original motion attempt to challenge the voluntariness of her plea. Accordingly, the new claim does not relate back to her original motion and is untimely.

In addition, this new claim faces another formidable problem. In her plea agreement, Petitioner stated that her plea was made knowingly and voluntarily. See CR 303-013, doc. no. 5, pp. 5-7. In addition, upon accepting Petitioner's plea, the Court complied with its

---

[4]The Federal Rules of Civil Procedure apply to § 2255 proceedings, to the extent that they are not inconsistent with any statutory provision or the Rules Governing Section 2255 Proceedings. Rule 12 of the Rules Governing Section 2255 Proceedings.

obligations under Fed. R. Crim. P. 11 by conducting a formal plea colloquy. <u>See generally</u> Rule 11 Tr. Petitioner would have the Court ignore her plea agreement and her own sworn testimony at the guilty plea colloquy. This will not do. "Solemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977).

To conclude, Petitioner's claims are devoid of merit and the instant § 2255 motion should be denied.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED,** that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Government.

SO REPORTED and RECOMMENDED this 3rd day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

10